KLEIN, J.
The Barnetts appeal a declaratory judgment finding that neither the owner nor lessor of a vehicle was liable for the death of their son in an automobile collision. We affirm, but address one issue, whether the lessor could be legally liable for the negligence of a driver who was found by a jury to have been driving the car without the consent of the lessee.
Steven and Lynn Olvey went on a trip to Mexico in 1996 leaving Kyle, Lynn’s teenage son by a prior marriage, at home. While the Olveys were away three of Kyle’s friends, Jeffrey Klimas, Richard Owens, and Patrick Barnett, came to the house.
While Klimas, Barnett and Owens were in the home, but before Kyle returned from school, a neighbor told Klimas that the Olveys’s dog had escaped and asked Klimas to get it. Klimas asked Owens, who was still at the house and had a car, to get the dog but Owens refused. Barnett also had a vehicle at the house, but Klimas and Barnett did not use that vehicle either. Klimas then took Olvey’s leased Mercedes, using keys which were in a flower pot in the garage, and was involved in a collision in which Barnett, his passenger, was killed.
In the wrongful death action against Olvey, Klimas and Mercedes Benz Credit Corporation, the lessor, it was alleged that Klimas had driven the car with the consent of Olvey. State Farm, Olvey’s insurer, then filed a declaratory judgment action to determine whether Klimas was an insured under Olvey’s policy and whether State Farm had a duty to defend him in light of Olvey’s allegation that Klimas drove the car without permission.
The jury found that Klimas operated the car without the express or implied consent of Olvey, and the trial court entered a judgment declaring that Klimas was not an insured under Olvey’s policy with State Farm and the lessor was not liable.
The Barnetts argue that the trial court erred in entering judgment for the lessor on the issue of vicarious responsibility, relying on Susco Car Rental System of Florida v. Leonard, 112 So.2d 832, 835-36 (Fla.1959), in which the lease allowed only the lessee to drive the car. While someone other than the lessee was driving the car with the lessee’s consent, it was involved in a collision injuring Leonard. The Florida Supreme Court held that the lessor could be liable, despite the fact that the car had *397 been driven by someone other than the lessee in violation of the contract, explaining that “when control of [a rental automobile] is voluntarily relinquished to another only a breach of custody amounting to a specie of conversion or theft will relieve an owner of responsibility for its use or misuse.”
The Barnetts argue that when Klimas took this car it was not conversion or theft, and accordingly the lessor is liable under Stisco. We do not agree. If Klimas did not have express, or even implied consent, as the jury found based on competent evidence, there was “a species of conversion or theft” as contemplated by Susco. See § 812.014(1), Fla.Stat. (1995)(defining the crime of theft). Accordingly, the lessor is not liable.
We have considered the other issues raised on appeal and find them to be without merit. Affirmed.
SHAHOOD and GROSS, JJ., concur.